UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>      Plaintiff,   )<br>           )<br>-v-           )<br>           )<br>JENNIFER TADEO,     )<br>      Defendant.   )<br>           ) | No. 1:18-cr-167-07<br><br>Honorable Paul L. Maloney |

## MEMORANDUM OPINION

Defendant Jennifer Tadeo filed a motion for a sentence reduction (ECF Nos. 1595 and 1607). Tadeo relies on the retroactive changes to the Sentencing Guidelines, Amendment 821. She also requests appointment of counsel (ECF No. 1607). The Court will deny both motions.

### I.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826-27 (2010)). For motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence.

Defendant currently serves a term of imprisonment for violating the terms of supervised release. Defendant pled guilty to participating in a conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine and cocaine base. In December 2020, the Court issued an amended judgment imposing a 60-month term of imprisonment followed by 5 years of supervised release (ECF No. 1331). She began serving her term of supervised release in July 2022. In October 2023, Defendant admitted to violating several terms of the conditions of supervised release. The Court revoked supervised release and ordered Defendant to 6-month term of imprisonment (ECF No. 1572).

Section 1B1.10 of the Sentencing Guidelines provides the policy statement concerning reductions of terms of imprisonment as a result of amended guidelines ranges. Section 3582(c)(2) requires that any reduction in a term of imprisonment must be consistent with the policy statement. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). The application notes for § 1B1.10 provide that only terms of imprisonment imposed as part of the original sentence can be reduced; "This section does not authorize a reduction in the term of

imprisonment imposed upon revocation of supervised release." USSG § 1B1.10 application note 8(A) (2023).

Because Defendant currently serves a term of imprisonment for violating the terms of supervised release, she is not eligible for a sentence reduction under Amendment 821 and 18 U.S.C. § 3582(c)(2).

The Court **DENIES** Defendant's motion for sentence reduction (ECF Nos. 1595 and 1607).

## II.

Criminal defendants do not have a right to counsel beyond the first appeal. The right to counsel does not extend to the pursuit of discretionary and collateral issues involving sentencing, like a motion for a sentence reduction following changes to the sentencing guidelines. The Court has reviewed Defendant's motion for a sentence reduction and concludes she is not eligible. The Court **DENIES** Defendant's motion to appoint counsel (ECF No. 1607).

**IT IS SO ORDERED.**

Date:   February 8, 2024                                         /s/ Paul L. Maloney
                                                                                                                                  Paul L. Maloney
                                                                                                                                  United States District Judge